IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 97-CR-154-TCK (04-CV-611-TCK-SAJ) |
| LISA R. BELL, | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Dkt. # 78) filed by Defendant Lisa R. Bell, a federal inmate appearing *pro se*. The government filed a response to the § 2255 motion (Dkt. # 86). Defendant filed a reply (Dkt. # 87) to the government's response. For the reasons discussed below, the Court finds Defendant's § 2255 motion shall be dismissed with prejudice as barred by the statute of limitations.

### *BACKGROUND*

On January 13, 1998, Defendant entered a plea of guilty to False Use of a Social Security Number, Count 4 of a 5-count indictment. On May 14, 1998, Defendant was sentenced to 14 months imprisonment, 3 years of supervised release, $19,579.74 in restitution, and $100 special monetary assessment. Under the terms of the plea agreement, the government dismissed Counts 1, 2, 3, and 5 at sentencing. Judgment (Dkt. # 12) was entered on May 21, 1998. Defendant appealed, challenging this Court's refusal to grant a downward departure at sentencing. By Order filed July 28, 1998 (Dkt. # 18), the Tenth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because a discretionary refusal to grant a downward departure is not appealable.

On August 9, 2004, Defendant filed the instant 28 U.S.C. § 2255 motion (Dkt. # 78). In her

motion, Defendant asserts two (2) claims as follows:

> Ground 1: The Court added a 3 point adjustment for the dollar loss amt. in my case. Loss exceeded $10,000, but not more that $20,000. 3 offense levels are added. Juries mus decide any matter that can lengthen a sentence beyond the maximum set out in the sentencing guidelines, unless the defendant admits to it.
>
> Ground 2: Two point adjustment for the crime involving a scheme to defraud 2 or more victims.
> Offense involved a scheme to defraud more than one victim. 2 offense level points are added. To act otherwise than what is stated in the Blakely v. Washington case is in direct violation of my Sixth Amendment right.

(Dkt. # 78). The focus of Defendant's § 2255 motion is that she is entitled to resentencing based on the holding of Blakely v. Washington, 542 U.S. 296 (2004). In response, the government asserts that the § 2255 motion is barred by the statute of limitations. See Dkt. # 86.

## *ANALYSIS*

Upon review of the record for this case, the Court finds Defendant's § 2255 motion was not was not filed before expiration of the one-year limitations period. Prior to enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, § 2255 contained no statute of limitations. The AEDPA amended 28 U.S.C. § 2255 by adding a time-limit provision. Specifically, 28 U.S.C. § 2255 now provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

>   made retroactively applicable to cases on collateral review;  or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  In this case, Defendant's conviction became final for purposes of the one-year limitations period ninety (90) days after the Tenth Circuit dismissed her appeal, or on October 26, 1998.  See United States v. Burch, 202 F.3d 1274, 1279 (10th Cir.2000) (stating that, "for purposes of § 2255, if a prisoner does not file a petition for a writ of certiorari, ... the one-year limitation begins to runs ... ninety days after this court['s]" decision).  Therefore, absent a tolling event, Defendant had to file her § 2255 motion on or before October 26, 1999, to be timely.

The Clerk of Court received Defendant's § 2255 motion for filing on August 9, 2004, or more than four (4) years beyond the deadline.  Although Defendant argues her sentence is invalid based on Blakely, the Court nonetheless finds no basis for extending the deadline.  Defendant's conviction was final on October 26, 1998, or well before the Supreme Court issued Blakely on June 24, 2004. The Supreme Court has not made Blakely "retroactively applicable to cases on collateral review." § 2255(3). See also United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued).  Therefore, Defendant is not entitled to have her limitations clock reset based on the issuance of the Blakely decision.  See United States v. Harms, 138 Fed.Appx. 101 (10th Cir. 2005) (unpublished).  Her § 2255 limitations period began when her conviction became final, on October 26, 1998, rather than the date Blakely was issued.

In addition, Defendant has not presented any justification constituting "extraordinary circumstances" warranting equitable tolling.  See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)).  Such circumstances

exist if "the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'" Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). The habeas petitioner must also plead with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Miller, 141 F.3d at 978.  In this case, Defendant has not provided an explanation for her lack of diligence.  As a result, the Court concludes that Defendant's § 2255 motion is untimely.  For that reason, the motion shall be dismissed with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 78) is **dismissed with prejudice** as time-barred.

DATED THIS 17th day of August, 2007.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE